Mario **RAMIREZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

Nos. 04–74579, 06–72017.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

Sean Olender, Olender Law Office, San Mateo, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Mario Ramirez seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his application for cancellation of removal (No. 04–74579), and the BIA's order denying his January 2006 motion to reopen removal proceedings (No. 06–72017). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss the petition for review in No. 04–74579, and we dismiss in part and deny in part the petition for review in No. 06–72017.

We lack jurisdiction to review the agency's discretionary determination that Ramirez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We lack jurisdiction to review Ramirez's due process contention regarding the quality of the hearing transcript because he failed to raise the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th

Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

The evidence Ramirez presented with his 2006 motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits). Ramirez could not have been prejudiced by prior counsel's conduct with respect to the first motion to reopen, where the BIA considered the evidence Ramirez submitted with the second motion to reopen regarding his mother's medical conditions. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail in an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW IN No. 04–74579 DISMISSED.**

**PETITION FOR REVIEW IN No. 06–72017 DISMISSED in part; DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.